**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Ronald I. Paul, | ) | C/A NO. 3:13-00367-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Transportation; Paul D. de Holczer, | ) | |
| individually and as a partner of the law | ) | |
| firm of Moses, Koon & Brackett P.C.; | ) | |
| G.L. Buckles, as personal representative of | ) | |
| the estate of Keith J. Buckles and G.L. | ) | |
| Buckles; Michael H. Quinn, individually | ) | |
| and as senior lawyer of Quinn Law Firm | ) | |
| LLC; J. Charles Ormond, Jr., | ) | |
| individually and as a partner of the law | ) | |
| firm of Holler, Dennis, Corbett, Ormond, | ) | |
| Plante & Garner; Oscar K. Rucker, in his | ) | |
| individual capacity as Director, Rights of | ) | |
| Way South Carolina Department of | ) | |
| Transportation; Macie M. Gresham, in | ) | |
| her individual capacity as Eastern | ) | |
| Region Right of Way Program Manager, | ) | |
| South Carolina Department of | ) | |
| Transportation; Natalie J. Moore, in her | ) | |
| individual capacity as Assistant Chief | ) | |
| Counsel, South Carolina Department of | ) | |
| Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint. In accordance with 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States

Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation

("Report"). On May 8, 2013, the Magistrate Judge issued a Report recommending that Plaintiff's

1

Amended Complaint be dismissed without prejudice and without issuance and service of process, and all remaining motions be terminated.  Dkt. No. 14.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections to the Report on May 13, 2013.  Dkt. No. 17.

## STANDARD

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## BACKGROUND

As explained in the Report, the allegations in Plaintiff's Amended Complaint and proposed Second Amended Complaint are almost identical to those raised by Plaintiff in Civil Action No. 3:12-1036-CMC-PJG, which was dismissed without prejudice for failure to state a claim.  Plaintiff's claim arises out of a 2002 condemnation of property that Plaintiff was renting and subsequent litigation.  Plaintiff alleges a civil conspiracy claim under 42 U.S.C. § 1983 against Defendants based

on their involvement in the state condemnation proceedings.  Dkt. No. 9 (Am. Compl.). The Report recommends that this action be dismissed without issuance and service of process because Plaintiff once again fails to state a claim upon which relief can be granted.  Specifically, Plaintiff relies on conclusory statements, not factual allegations, in an attempt to set forth the necessary elements of civil conspiracy.

## DISCUSSION

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's Amended Complaint fails to state a claim.  Citing multiple paragraphs of his Amended Complaint, as well as all of its attached exhibits, Plaintiff argues that he has alleged facts to support his claim for civil conspiracy.  Having reviewed the cited paragraphs and exhibits, as well as the entire Amended Complaint, the court concludes that Plaintiff's Amended Complaint fails to state a claim for civil conspiracy.  Although Plaintiff has articulated the legal elements of civil conspiracy in his Amended Complaint, Plaintiff has failed to allege facts in support of those elements.

Plaintiff also objects to the Magistrate Judge's finding that the proposed Second Amended Complaint fails to state a claim for civil conspiracy.  Having reviewed the proposed Second Amended Complaint, the court concludes that it is deficient for the same reasons the Amended Complaint is deficient.

Further, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has failed to allege facts to demonstrate an agreement between the state actor Defendants and the private Defendants (de Holczer, Buckles, Quinn and Ormond).  Plaintiff argues that the proposed Second Amended Complaint sets forth allegations of such an agreement and that they acted jointly.  The court concludes that the proposed Second Amended Complaint does not set forth factual allegations of

such an agreement or that the private Defendants acted jointly with the state actor Defendants.[1]  The court, therefore, rejects Plaintiff's objections.

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

### CONCLUSION

For reasons stated in the Report, this matter is dismissed without prejudice and without issuance and service of process on Defendants.  All remaining motions are terminated.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 20, 2013

---

[1]  Plaintiff's remaining objections to the Report's determination of the immunity of certain Defendants are rejected.  Having concluded that Plaintiff has not stated a claim upon which relief can be granted, the court need not consider the immunities of certain Defendants.

4